ESTHER KAHNOVSKY *vs.* WILLIAM KAHNOVSKY.

JULY 21, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is a bill in equity for the partition of real estate in the city of Providence owned as joint tenants by the parties, who are husband and wife. After a hearing on bill, answer and proof in the superior court, a decree was

entered ordering a sale of said real estate by a commissioner, which sale was later held. From the entry of this decree no appeal was taken.

Said decree also provided for the appointment of a receiver to collect rents and profits pending such sale, and for the appointment of a master to take an accounting between the parties. The master held hearings, took an accounting and filed his final report, after filing a draft report to which the respondent filed objections and requests for findings which were not allowed by the master. The respondent duly excepted to the findings contained in said final report, but, after a hearing, the superior court entered a decree overruling such exceptions and approving and confirming the final report in question. Thereafter, a final decree to the same effect, and also ordering distribution of funds in the receiver's hands, was entered. From the entry of these last-mentioned decrees the respondent duly appealed and his appeals are now before us.

The property in question, which was purchased by the parties in 1920, consisted of two adjoining houses, one of two and the other of four tenements. The parties occupied the second floor tenement in one of said houses from 1920 until 1932. On the date last mentioned they separated. The complainant contends that she was forcibly ousted from the premises by the respondent. The latter claims that the complainant left voluntarily. The respondent continued to occupy the same tenement with their two minor children until approximately October 1, 1939. Between 1932 and 1939 the complainant visited the tenement for a few brief periods only.

After taking an account, as ordered, the master found that by reason of the joint tenancy there was due the complainant from the respondent the sum of $757.52. It was not disputed that between September 1, 1932 and October 1, 1939 the respondent had substantial control and management of said property; that he and the minor children occupied the second floor tenement in question; that he collected

all the rents from the property, paid all bills in connection with its upkeep and maintenance, and all taxes. The master found that, for the period in question, the respondent had received from the property a total income of $2689.04 and should, therefore, be charged with that amount. The respondent does not now question that finding.

In addition, the master charged the respondent with the sum of $1016 for use of the tenement occupied by him and the children between the dates hereinbefore referred to. The respondent does not question the amount so charged, but contends that, under the procedure followed herein and under the law and the evidence, he should not be charged any amount for the occupancy of said tenement, and that this was error.

In the instant cause the master, in passing upon the point now under consideration, made the following finding in his report: "In the case at bar the Respondent from September 1, 1932, to October 1, 1939, had the benefit of a greater proportion than his interest in the common property if he fails to account for the rent of the premises he lived in with his minor children." The master also held that under the language of general laws 1938, chapter 590, § 1, which is the statute setting out the right of a cotenant to compel an accounting for the use of common property by other cotenants, the respondent should account to the complainant for the occupancy of said tenement.

The section above referred to has been on the statute books of the state for many years. It was construed in 1858 in the case of *Knowles* v. *Harris & Lippitt*, 5 R. I. 402, to be broader in its scope than the corresponding English statute. The court, at that time, also pointed out that under such statute the action is given where one or more of the owners of the common property shall *"use* or *have benefit* thereof" in greater proportion than his or their interest therein, and that the account to be rendered is of the use and profit of the common property. See also *Hazard* v. *Albro*, 17 R. I. 181.

The right to an accounting under our statute was considered in the case of *Almy* v. *Daniels,* 15 R. I. 312, 318 and 17 R. I. 543. See also *White* v. *Eddy,* 19 R. I. 108. The respondent calls our attention to the rules regulating the matter of such an accounting as laid down in *Almy* v. *Daniels, supra,* at page 318. These rules were as follows: "1. When a tenant in common has the entire and exclusive occupation of the whole or any part of the common estate, he is liable to account therefor. 2. When he has the income or profit of more than his share, he is liable to account for the excess. 3. When he uses the estate only to an extent less than his share, and not to the extent of an ouster or denial of right of his co-tenant, he is not liable to account; and therefore such use cannot be offset against the excessive use by his co-tenant. A charge for such use would be a charge for the use of one's own property and for the exercise of his legal right. . . . The question of exclusive occupation calls for a finding of fact, in regard to which it is not the province of the court to instruct the auditor."

The respondent contends that, even if our statute is broader in scope than other statutes, in order to compel an accounting from one cotenant, who has occupied a part of the common property, on the ground that he has had the entire and exclusive occupation of such part, it is necessary, under said rules, to show that the cotenant asking for such an accounting has been ousted from such part by his cotenant. A careful consideration of the case of *Almy* v. *Daniels, supra,* leads us to the conclusion that the respondent's contention in this connection is correct. In that case, at page 543, the court stated: " . . . it does not appear that either party exceeded his proportion of the common estate by such occupation, nor that either party denied or precluded the right of the other to use the same property in the same way if he had chosen to do so. There is, therefore, no exclusive appropriation of a part of the estate by such occupation, as the word 'exclusive' is used in such cases, and has been used in this case . . . ."

The master's report herein was confirmed and approved by a justice of the superior court. In so doing, however, he held that the determinative question on the issue under consideration was whether or not the complainant had been ousted by the respondent from the portion of the premises occupied by him; and he found as a fact, from the evidence taken before the master, that the complainant had been so ousted.

The respondent first maintains that the question of ouster was not properly before the justice of the superior court, and that any finding by him on that issue was outside of his province and jurisdiction to make, in view of the manner in which the master's report came before said justice. In support of this position the respondent points out that the master in his report made no finding of fact on the question of whether or not there had been an ouster of the complainant by the respondent from the portion of the premises occupied by him; that the complainant filed no objection to the draft report of the master and made no request that the latter make a finding on the issue of whether or not there had been such an ouster; that the complainant filed no exception to the master's report; and that such report was before the superior court solely on the respondent's exceptions, none of which, he contends, raises the question of whether or not the complainant had been ousted as aforesaid.

The above contention of the respondent raises a difficult question and, under other circumstances, would have to be seriously considered. However, assuming, without deciding, that the question of ouster was properly before the justice of the superior court under the respondent's exceptions, after an examination of the evidence we are of the opinion that the justice of the superior court was clearly wrong in finding that the respondent had ousted the complainant from the portion of the premises in question.

It appears from the evidence that in 1932, when the complainant first ceased to live with the respondent, the sep-

aration was the result of marital differences, the extent of which was in dispute according to the conflicting testimony of the parties. At that time no divorce proceeding had been brought by either party, and there had been no dissolution of the marriage. The evidence further shows that in 1934 the complainant returned to the tenement in which the respondent and their children were living, spent considerable money renovating it, and herself lived there for at least six weeks. She then again left under circumstances which were in controversy. From time to time thereafter until 1939 she returned occasionally to see the children, but apparently did not enter or attempt to enter the tenement.

During this period between 1932 and 1939, so far as the evidence showed, she never asked the respondent to account to her for his occupancy of the tenement; she never requested him to vacate so that it could be rented to another; she never suggested that she wished to live there herself; and she never was prevented from dealing with said tenement by the respondent. The complainant, so far as their marital status was concerned, may have been fully justified in separating from the respondent and leaving the home because of the existence of certain conditions affecting that status. See the recent case of *Kahnovsky* v. *Kahnovsky*, 67 R. I. 63. Such a separation, however, does not necessarily, in itself, amount to an ouster by the respondent of the complainant from her property rights in the common property, or to a denial by him of her right to use such property. One situation would affect only the marital status; the other an estate or interest in real property.

To establish such an ouster definite facts must appear in evidence showing the wrongful dispossession or exclusion from the common property of the person entitled to the possession thereof. In our opinion the credible evidence in the instant cause falls short of establishing that the respondent ousted the complainant from the part of the premises in question. No ouster having been established, the superior court was clearly wrong in charging the sum of $1016

against the respondent for the use of the tenement in the common property occupied by him.

In his report the master credited the respondent with the sum of $2180 for expenses between 1932 and 1939 in connection with the joint property. The respondent now contends that the superior court erroneously refused to credit him with a further sum of $650 for alleged repairs to and upkeep of the interior of said property. Included in the said sum of $2180, allowed by the master, and approved by the superior court, was approximately $569 for certain specific labor and material allegedly expended by the respondent during the seven years in question in keeping the property in repair.

In regard to the disputed item of $650 the respondent admitted that he had no receipts for any part of that amount showing in detail expenditures for repairs. According to the evidence, the item of $650 was a lump sum based on the respondent's estimate of what he probably had spent during seven years, for the repairs to and the upkeep of the interior of the property, in addition to the $569 above referred to. Assuming that he may have spent more than $569 for repairs and renovations to the joint property, nevertheless the burden was upon him to prove the amount so spent with reasonable certainty. Upon a consideration of all the evidence on this point, we cannot say that the justice of the superior court was clearly wrong in refusing to credit the respondent with this item of $650.

The complainant argues that if the respondent is not charged for the use of the tenement in question, he should not be allowed to receive credit for his expenses in connection with the upkeep and maintenance of the common property. We have serious doubt whether the complainant is entitled to raise this point as she filed no exception to the master's report. However, we are of the opinion, under the facts and circumstances in evidence, that her contention is not maintainable. In our judgment the respondent is entitled to receive credit, in any event, for payments he

made for taxes, water rates, insurance, and certain other miscellaneous expenses, as claimed by him.

As to the matter of repairs, the evidence shows that practically all the repairs included in the aforesaid item of approximately $569 were made on all the property generally, and not on the tenement only in which the respondent lived, and that such repairs were of an ordinary nature merely to keep the property in reasonable condition. The small part of such item which may possibly have been expended on said tenement is not separated in the evidence so as to be ascertainable. Under such circumstances, we are of the opinion that the credit in question was properly given to the respondent.

Finally, the respondent maintains that he should have been allowed as a credit the sum of $420, being $5 a month for a period of seven years, for the supervision, care and management of the joint property, and that the failure of the superior court to approve such a credit in the account was error. Evidence was submitted on behalf of the respondent that the amount so claimed by him was reasonable in view of all the facts. It appears to be settled that, under ordinary circumstances, a cotenant is not awarded compensation for managing and caring for the joint property, unless there is a direct agreement to that effect between the owners thereof, or unless the court is satisfied that there is a mutual understanding between them to that effect. 7 R. C. L. 826; Freeman on Cotenancy and Partition (2d ed.) § 260. It was apparently on the basis of this general principle of law that the master and the superior court made their above rulings.

The respondent argues that, on the evidence, he comes within an apparent exception to the above rule, namely, when a cotenant performs services which neither the law nor the relation of cotenancy imposes upon him. However, it has been held that the renting of the joint property, the collection of rents, the looking after repairs, and other like duties do not fall within the exception. In the instant cause

the evidence shows that the respondent performed all of the above-mentioned duties, and there is, in addition, general testimony that he personally did certain work in the nature of repairs or renovations to the joint property, or assisted those who had been employed for such purposes. The amount of work thus allegedly done by the respondent is not specified; no dates for its performance are fixed; and a fair estimate of its value is not given in the testimony. After considering the evidence on this issue, we cannot say that the justice of the superior court was clearly wrong in refusing to allow the respondent the credit of $420 sought by him.

We find, therefore, that the respondent should be charged in all with the sum of $2689.04, and not with the sum of $3695.04 as set out in the report as approved by the superior court. Deducting from the said amount of $2689.04 the sum of $2180, being the total credits to which the respondent is entitled, there remains a balance of $509.04. The complainant is entitled to one half of this balance, *viz.*, $254.52, instead of to the sum of $757.52, as found by the master and approved by the superior court.

The appeal of the respondent from the decree of the superior court entered on July 3, 1940 is sustained, and said decree is reversed.

The decree of the superior court entered on August 28, 1940 should be modified in accordance with this opinion, and the appeal of the respondent from such decree is sustained to that extent.

The parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Charles M. Robinson, Robinson & Robinson,* for complainant.

*Philip B. Goldberg, Leo M. Goldberg, Goldberg & Goldberg,* for respondent.